MAMADOU BASSIROU BARRY, Petitioner,

v.

Alberto GONZALES, United States Attorney General, Respondent.

No. 03–4346.

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Roberto Tschudin Lucheme, Glastonbury, CT, for Petitioner.

Lisette M. Reid, Assistant United States Attorney (Marcos Daniel Jiménez, United States Attorney for the Southern District of Florida, Dexter Lee, Anne R. Schultz, Assistant United States Attorneys, on the brief), Office of the United States Attorney for the Southern District of Florida, Miami, FL, for Respondent.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review be and hereby DENIED.

Petitioner Mamadou Bassirou Barry, a native and citizen of Guinea, petitions for review of a January 30, 2003 Order of the BIA affirming without opinion a December 22, 1999 decision of an immigration judge ("IJ") denying his application for asylum and for withholding of removal under the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1101 *et seq.* ("INA").

We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA affirms an IJ's decision without opinion pursuant to the "streamlining" provision codified at 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency decision. *See, e.g., Damko v. INS,* 430 F.3d 626, 628 (2d Cir.2005). We review the factual findings of an IJ for "substantial evidence," *see, e.g., Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005), and the administrative "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" *Borovikova v. DOJ,* 435 F.3d 151, 154–55 (2d Cir.2006) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Barry stated in his asylum application and in his testimony before the IJ that he fled Guinea because he was persecuted on account of his political activity. Specifically, he alleged, *inter alia,* that following his participation in student demonstrations against the government, he was arrested and incarcerated, once for a few days and then again for three months. After escaping from prison, Barry allegedly traveled first to Ivory Coast and subsequently to the United States. The IJ found that

Barry was not credible. When an IJ denies asylum upon an adverse credibility finding, our review is especially deferential. *See Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 74 (2d Cir.2004).[1] Here, Barry has not convinced us that the IJ's adverse credibility finding was not based on substantial evidence. The IJ in his decision specifically referred to examples of Barry's contradictory and implausible testimony, and we cannot conclude that "any reasonable adjudicator" would have found Barry credible. Specifically, the IJ noted that Barry's case file included a membership card in his name listing him as a "founding member" of a political party called the "PRP." When questioned about this card, Barry denied having belonged to the party. He could not explain how the card appeared in his file. Based on these and other statements related to the PRP card, the IJ found that Barry "actually has lied to the Court" about the document.

Additionally, the IJ noted that Barry failed to produce evidence supporting his claim that he had participated in political activity—with another party known as the "RPG"—while in the United States. The IJ asked if RPG members in the United States could verify Barry's claim of membership, yet Barry did not produce any such verification even though the hearing

was continued to a later date following the IJ's question.

Combined with other evidence relied upon by the IJ in his decision, Barry's statements concerning his PRP card and his failure to produce evidence supporting his continued membership in the RPG provide substantial evidence supporting the IJ's adverse credibility finding. We therefore do not disturb the IJ's decision to deny Barry's asylum claim.[2]

Because Barry could not demonstrate the well-founded fear of persecution needed to qualify for asylum, he cannot qualify for withholding of removal. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999).

\*      \*      \*      \*      \*      \*

For the foregoing reasons, the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

1. We observed in *Zhou Yun Zhang* that "[w]here the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." 386 F.3d at 74 (internal quotation marks omitted).

2. Because we decline to overturn the IJ's decision that Barry did not qualify for asylum on the basis of adverse credibility and an inability to prove a well-founded fear of persecution, we need not address the IJ's finding

that Barry enjoyed a "safe haven" in Ivory Coast. Upon a finding that an alien could be removed to a safe third country, an IJ formerly had discretion to deny asylum pursuant to 8 C.F.R. § 208.13(d) ("An asylum application may be denied in the discretion of the Attorney General if the alien can be removed to a third country which has offered resettlement and in which the alien would not face harm or persecution."), *available at* 62 Fed. Reg. 10312–01, 10342, 1997 WL 93131 (Mar. 6, 1997). This provision, in force when the IJ decided this case, has since been repealed. *See* Asylum Procedures, 65 Fed. Reg. 76121, 76126 (Dec. 6, 2000) (removing provision to "avoid confusion").